FRANK W. DOWNS *vs.* THE COMMISSIONERS OF THE TOWN OF SMYRNA.

*Case—Personal Injuries—Pleading—Nonsuit Refused — Negligence—Municipal Corporation—Existence Admitted—Judicial Notice—Obstruction in Street—Notice of—Constructive Notice —Damages.*

1. Courts take judicial notice of the general, public statutes of the State. An act creating a municipal corporation is such a statute.

2. The statute dispensing with the proof of the incorporation and existence of a corporation plaintiff or defendant in the absence of an affidavit denying the existence of such corporation, is applicable alike to public and private corporations.

3. When the action is brought for injuries caused by an obstruction in the streets of a city, in order to render the defendant liable it must appear that it had notice or knowledge of the obstruction for such time as would have been sufficient for its removal. But this notice or knowledge need not be express; it may be implied or constructive.

4. If the obstruction existed for a considerable time before the injury, the defendant may be presumed to have had knowledge of it.

5. Many allegations which would be adjudged insufficient·on demurrer are cured by pleading over.

6. If there is. sufficient evidence to justify the jury in finding that the defendant was chargeable with implied or constructive notice, nonsuit will be refused.

*(April 28, 1899.)*

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*Arley B. Magee* and *John D. Hawkins* for plaintiff.

*Edward Ridgely* and *W. Watson Harrington* for defendant.

Superior Court, Kent County, April Term, 1899.

ACTION ON THE CASE (No. 68 to October Term, 1896) for damages for personal injuries to the plaintiff, and also to his horse, carriage and harness, by reason of coming in contact on July 20,

1895, with a mowing machine on the streets of Smyrna, which mowing machine it was claimed was negligently permitted to remain in said street by the defendant.

After the plaintiff had closed his testimony, counsel for defendant moved for a nonsuit on three grounds. *First*, that there was no proof that the defendant was a corporation of the State of Delaware. *Second*, that there is no allegation in the narr of actual notice, nor of facts from which notice can be inferred. *Third*, that there was no proof of notice to the corporation of the existence of this obstruction.

*City of Fort Wayne vs. Dewitt, 47 Ind., 391 (398); Turner vs. City of Indianapolis, 96 Ind., 52 (61); Bartlett vs. Crozier, 18 Johnson, 437 (455); City of Madison vs. Baker, 103 Ind., 41 (42 and 44); Warster vs. Canal Bridge, 16 Pickering 542 (550).*

SPRUANCE, J.:—We have considered the motion for a nonsuit in this case.

The plaintiff's declaration avers that the defendant is a municipal corporation of this State, having control of the streets and sidewalks of the town of Smyrna.

While there has been no evidence offered as to the incorporation of the defendant or as to its powers and duties, we find among the general, public statutes of this State an act entitled "An act in relation to the town of Smyrna," passed February 25, 1859, by which the defendant was incorporated under the name of "The Commissioners of the Town of Smyrna." By the 14th section of the said act the said commissioners were "authorized and required to cause all obstructions and nuisances that may at any time be and exist within the limits of the said town whether in the streets, lanes, alleys or on the sidewalks, or in any other place within the limits aforesaid, to be removed and abated. The said commissioners, or a majority of them, may proceed, either on their own view, or upon complaint of any other citizen in writing, stating the character of said nuisance or obstruction, and where the same exists."—*11 Laws of Del.,* 772.

The courts take judicial notice of the general, public statutes of this State, and there is a special reason why we should do so in the present case.

"A municipal corporation is a body politic or corporate established by law to assist in the civil government of the State, with delegated authority to regulate and administer the local or internal affairs of a city, town or district which is incorporated" * * * "An agency instituted by the State for the purpose of carrying out in detail the objects of government."—(*Coyle vs. McIntyre, 7 Houst., 44; and Mayor and Council of Wilmington vs. Luther W. Ewing et al.*, Supreme Court of this State, April 18th, 1899.)

Our statute dispensing with the proof of the incorporation and existence of a corporation plaintiff or defendant, in the absence of an affidavit of the defendant denying the existence of such corporation (*R. C., 791, Sec. 6*), is applicable to public and private corporations; and as no such affidavit was filed in this case, no proof of the incorporation or existence of the defendant was necessary.

It is not claimed that the obstruction which caused the injury was placed in the street by the defendant. In order to render the defendant liable it must appear that it had notice or knowledge of the obstruction for such time as would have been sufficient for its removal.

But this notice or knowledge need not be express; it may be implied or constructive.

If the obstruction existed for a considerable time before the injury, the defendant may be presumed to have had knowledge of it. In *Robinson vs. Mayor and Council of Wilmington, 8 Houst., 409*, Chief Justice Comegys said, "If the jury were satisfied from the evidence that the hole was left in the pavement of the street for as much as two months, there could be no doubt that the city was guilty of negligence, and the plaintiff would be entitled to recover."

While the allegations of the declaration as to notice or knowledge of the alleged obstruction are not as formal and direct as are

usual, we do not consider them so fatally defective as to warrant us in withholding the case from the jury.

Many allegations which would be adjudged insufficient on demurrer are cured by pleading over.

While there is in the declaration no direct allegation of notice or knowledge on the part of the defendant, there are repeated averments which, if proved, would warrant the jury in inferring such notice or knowledge.

Of this character are the averments as to the obstruction being overgrown and obscured by grass and weeds—implying that it had been in the same place for a long time.

Mr. Lewis, one of the town commissioners, testified that he knew of the obstruction before the time of the injury. Mr. Enoch Downs testified that he had run into the same obstruction, at the same place, more than a year before the injury to the plaintiff; and there was abundant testimony that the obstruction had been in the street long enough to be overgrown and hidden by high grass and weeds.

Without regarding the evidence as to the actual knowledge of one of the commissioners, there was sufficient evidence to justify the jury in finding that the defendant was chargeable with implied or constructive notice or knowledge of the obstruction for a time sufficient for its removal.

For these reasons the nonsuit is refused.

NOTE—Upon request of defendant's counsel, a juror was withdrawn and judgment rendered in favor of the plaintiff, for an amount agreed upon between the parties.