# Richmond.

JONES v. CITY OF WILLIAMSBURG.

JANUARY 18, 1900.

1. MUNICIPAL CORPORATIONS—*Governmental Duties—Private or Ministerial Duties—Liability.*—The powers conferred upon a municipal corporation for the government of that portion of the public residing within its limits are called governmental, legislative, or discretionary powers. For injuries resulting from the failure to exercise these powers, or for their negligent or improper exercise, the municipality is not liable. But powers and privileges conferred for its private advantage impose corresponding duties which are ministerial and absolute. For injuries resulting from a failure to exercise these powers and duties, or for negligence in their exercise the municipality is liable in an action for damages in the same manner as a private individual.

2. MUNICIPAL CORPORATIONS—*Laying Out Streets—Keeping Streets in Order.*—The right to lay out streets and to regulate their use when laid out, and to suspend such regulations at pleasure, are governmental and discretionary powers, but when laid out, the duty to keep them in a reasonably safe condition for travel is a ministerial and positive duty. For their safe condition the municipality is liable, but for their unlawful or improper use it is not.

3. MUNICIPAL CORPORATIONS — *Streets—Sidewalks—Bicycles—Failure to Pass Ordinance.*—Bicycles are vehicles, and should not be ridden on sidewalks, but, if so ridden, the municipality is not liable for damages resulting from a collision with a pedestrian, merely because it failed to pass an ordinance forbidding such use of its sidewalks.

Error to a judgment of the Circuit Court of the city of Williamsburg and the county of James City, rendered November 15,

1898, in an action of trespass on the case, wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Affirmed.*

The opinion states the case.

*J. N. Stubbs* and *B. H. Ewan,* for the plaintiff in error.

*Munford & Anderson,* for the defendant in error.

RIELY, J., delivered the opinion of the court.

The plaintiff was struck and injured by a bicycle that was being ridden upon a sidewalk of one of the streets of the defendant corporation, and brought this action to recover damages for the injury. There was a demurrer to the declaration, which was sustained by the Circuit Court, and the case is before us upon a writ of error to its judgment.

The complaint is not that the injury was caused by a bicycle that was stationary upon the sidewalk, and had been negligently allowed by the city to remain there, but that it was due to the propulsion of the bicycle against the plaintiff, while in motion under the power and will of its rider. It is obvious, therefore, that if the city be liable in damages for the injury, its liability results not from a defective condition of the sidewalk, but from the improper and dangerous use that was being made of it by the bicyclist.

A municipal corporation has a dual character, the one public and the other private, and exercises correspondingly twofold functions, the one governmental and legislative, and the other private and ministerial. In its public character, it acts as an agency of the State to enable it the better to govern that portion of its people residing within the municipality, and to this end there is granted to or imposed upon it by the charter of its creation powers and duties to be exercised and performed ex-

clusively for public, governmental purposes. These powers are legislative and discretionary, and the municipality is exempt from liability for an injury resulting from the failure to exercise them or from their improper or negligent exercise. In its corporate and private character there is granted unto it privileges and powers to be exercised for its private advantage, which are for public purposes in no other sense than that the public derives a common benefit from the proper discharge of the duties imposed or assumed in consideration of the privileges and powers conferred. This latter class of powers and duties are not discretionary, but ministerial and absolute; and for an injury resulting from negligence in their exercise or performance, the municipality is liable in a civil action for damages in the same manner as an individual or private corporation. The line of distinction between the two classes of powers and duties is clearly drawn by the courts and text-writers, and the exemption of the municipality from liability in the one case, and its liability in the other for an injury resulting from negligence, firmly established. 2 Dillon on Mun. Corp. (4th Ed.), secs. 949, 966; *City of Richmond* v. *Long*, 17 Gratt. 375; *Sawyer* v. *Corse*, 17 Gratt. 230; *Terry* v. *City of Richmond*, 94 Va. 538; and *Maia's Adm'r* v. *Directors E. S. Hospital, ante* p. 507.

Cases doubtless arise in which the courts experience difficulty in determining whether the injury complained of is the result of the failure to exercise or the negligent exercise of a governmental and public power, or is due to negligence in the exercise or performance of a ministerial and private power or duty, but, as respects the particular case before us, there is no such difficulty.

Streets, like other highways, are for the use of the public, and their use is none the less for the public at large because they are within the municipality and subject to its supervision and control. Streets, as popularly distinguished from sidewalks, though including the latter, are principally designed for the use of vehicles and animals, and sidewalks for the use of pedestrians. Bicycles

come under the definition and description of vehicles, and side-walks are not the proper place for them. But the right to regulate the use of the highways of the State or of the streets of a city is clearly a governmental power, and its exercise, whether by the State or by a municipal corporation as an agency of the State, is legislative and discretionary; and being legislative and discretionary, a municipal corporation, as an arm of the State, is no more liable for the failure to exercise the power or for its improper exercise than the State itself would be.

The defendant was empowered by its charter to lay off streets and walks, and improve the same, but it was wholly within its discretion when and where it would do so. For the omission to exercise the power, it being legislative and discretionary, it would not be liable for an injury occurring in consequence of the omission, although when the power was exercised, the duty to keep the streets and sidewalks in a reasonably safe condition for travel would become a ministerial and positive duty, for the neglect whereof it would be liable for an injury resulting therefrom. 2 Dillon on Mun. Corp. (4th Ed.), secs. 949, 1048. The condition of the street or walk, however, is one thing, and the manner of its use by the public is quite a different thing. For its safe condition the city is responsible, but for its unlawful or improper use, it is not.

The peace, good order, and welfare of a community is a primary object of government, and laws are enacted by the Sovereign Power, and ordinances adopted by municipal corporations for the preservation thereof, but clearly the State, nor the municipality, would be liable for an injury received in an affray upon one of its streets, or in a collision from fast riding or driving, in consequence of the absence of a law or ordinance prohibiting the same, or the failure of the authorities of the State or city to enforce it, if enacted or adopted, although but for the want of a proper law or ordinance or the failure to enforce the same, the injury would not have happened. The government does not

guaranty its citizens against all the casualties incident to humanity, and cannot be called upon to compensate by way of damages its inability to protect against such accidents and misfortunes. The failure to pass a needful law or ordinance is plainly the omission by the State or city as an agency thereof of a public, governmental duty, for which no action lies. Hence, upon this principle, it has been held by the courts and laid down by approved text-writers that a municipal corporation, in the absence of an express statutory declaration to the contrary, is not liable for failing to pass an ordinance prohibiting the firing of cannon or firearms in its streets, or the explosion of fireworks, or the engaging in dangerous sports, or the running at large of cattle and swine, or for suspending or neglecting to enforce an ordinance against such dangerous practices and improper use of its streets, in consequence whereof private property was destroyed or persons injured. Elliott on Streets, 465; 2 Dillon on Mun. Corp. (4th Ed.), sec. 949, note; 1 Shearman & Redfield on Negligence (5th Ed.), sec. 262; Cooley on Con. Lim. (6th Ed.), note to page 254; Cooley on Torts (2d Ed.), 739; *Boyland* v. *City of New York*, 1 Sandf. 27; *Levy* v. *City of New York*, 1 Sandf. 465; *Ball* v. *Town of Woodbine*, 61 Ia. 83; *Davis* v. *City of Montgomery*, 51 Ala. 139; *Hill* v. *Board of Aldermen*, 72 N. C. 55; *Kelly* v. *City of Milwaukee*, 18 Wis. 83; and *Rivers* v. *City Council of Augusta*, 65 Ga. 376.

The doctrine of the exemption of a municipal corporation from liability for injuries resulting from the unlawful or improper use of its streets and sidewalks, and not from any defect in their state or condition, has been applied where persons have been injured by " coasting," a practice so similar to the use of sidewalks by bicycles that a different conclusion cannot be reached in the case of an injury caused by a collision with a bicycle. *City of Lafayette* v. *Timberlake*, 88 Ind. 330; *Faulkner* v. *City of Aurora*, 85 Ind. 130; *Pierce* v. *City of New Bedford*, 129 Mass. 534; *Steele* v. *City of Boston*, 128 Mass. 583; *Shepherd* v.

*Inhabitants of Chelsea,* 4 Allen 113; *Schultz* v. *Milwaukee,* 49 Wis. 254; *Burford* v. *Grand Rapids,* 53 Mich. 98; *Hutchinson* v. *Concord,* 41 Vt. 271; *Weller* v. *City of Burlington,* 60 Vt. 28; *Ray* v. *Manchester,* 46 N. H. 59; and *Wilmington* v. *Vandegrift* (Del.), 25 L. R. A. 538.

The exemption of a municipality from liability for an injury resulting from the unlawful or improper use of its streets and sidewalks, with the reason therefor, is very clearly stated in the *City of Lafayette* v. *Timberlake, supra,* a case of injury resulting from " coasting " upon a sidewalk, where the court said:

" The manner in which a highway of a city is used is a different thing from its quality and condition as a street. The construction and maintenance of a street in a safe condition for travel is a corporate duty, and for a breach of such duty an action will lie; but making and enforcing ordinances regulating the use of streets brings into exercise governmental, and not corporate, powers, and the authorities are well agreed that for a failure to exercise legislative, judicial, or executive powers of government, there is no liability."

An injury caused by a bicycle ridden upon a sidewalk is not distinguishable from an injury caused by " coasting," and the ground of exemption from liability applies equally in the former case as in the latter. In *Howard* v. *City of Brooklyn,* 30 N. Y. App. Div. Rep. 217, it was held that " a municipal corporation which has merely failed to pass an ordinance forbidding bicycles to be ridden over a sidewalk of the city, not having in any way authorized it, is not liable to a person walking upon the sidewalk for injuries resulting from being run into and thrown down by a bicycle."

Our conclusion is that the declaration does not state a case of legal liability, and that the demurrer was properly sustained. The judgment of the Circuit Court must be affirmed.

*Affirmed.*