LEWIS ANDERSON *vs.* THE MAYOR AND COUNCIL OF WILMINGTON.

*Personal Injuries—City of Wilmington; Citizen of; Not Disqualified as Juror—Evidence—Negligence—Hole in Street— Liability of City—Notice; Duty of City and Traveler.*

1. In an action against the city of Wilmington for personal injuries, a citizen is not incompetent to serve as a juror because he is a citizen of the municipality and therefore interested as a taxpayer in any verdict that might be rendered against the city.

2. In the trial a physician having testified that he examined the plaintiff and found him suffering from erysipelas, although he did not know what caused the injury, he may be asked whether the erysipelas could have been caused by the injury complained of.

3. A physician called for the plaintiff having testified that he made a thorough examination of the plaintiff, after getting a history of the case, and found his right shoulder injured, may be asked whether in his opinion the plaintiff's arm will ever be in its normal condition again, notwithstanding there is no allegation of permanent injury in the narr.

4. If a hole in the street of a city is dangerous to public travel and had so existed for a time before the accident reasonably sufficient for the city to have known of its existence and condition, the law presumes or implies that the city had received knowledge of it, and its failure in a reasonable time after such notice or knowledge to fill or repair the same, or to place about it proper safeguards, would be negligence. The city is not bound for injuries occasioned by holes in the streets resulting from sudden storms or wash-outs, until it has a reasonable time to fill or repair the same, or place proper guards about them.

5. The law in respect to negligence stated, and the duty of the city and also of the traveler defined.

(*December* 3, 1907.)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*Daniel O. Hastings* for plaintiff.

*Reuben Satterthwaite, Jr.,* Assistant City Solicitor, for the defendant.

Superior Court, New Castle County, November Term, 1907.

ACTION ON THE CASE (No. 21, May Term, 1906), to recover damages for personal injuries to plaintiff, and also for injuries to his horse, by reason of the alleged negligence of the defendant.

At the trial, when the first juror residing in the City of Wilmington was called, Hastings, for plaintiff, objected to said juror as incompetent to serve, on the ground that he was a citizen of Wilmington and therefore interested as a taxpayer in any verdict that might be rendered against the city.

The Court held that while jurors had been excused theretofore upon such a ground, yet that there was no good reason for following such a rule, and overruled the objection.

*Dr. Francis L. Springer*, a practicing physician, testified on behalf of the plaintiff that he examined the plaintiff on January 12, 1906, and found him suffering with erysipelas, but witness did not know what caused it. Witness was then asked by Mr. Hastings the following question: "Assuming that this man was thrown from a wagon on December 24th, 1905, and was injured about the nose; could erysipelas have been caused by the injury received on that date?"

Objected to by Mr. Satterthwaite, on the ground that the witness had not shown sufficient knowledge of the facts to answer such a hypothetical question.

Objection overruled, the witness answering that it probably could.

*Dr. Daniel I. McColley*, another practicing physician, testified on behalf of the plaintiff that a few days before the trial, after getting a history of the case, he had made a thorough examination of the plaintiff and found that he had a chronic inflammation of the right shoulder joint termed *sine vitas*; that an injury such as described in the testimony could have caused the condition he found and probably did cause it. The witness was then asked: "In your opinion, will this man's arm ever be in its normal condition again?"

Objected to by Mr. Satterthwaite, on the ground that there was no allegation in the narr. that the plaintiff was permanently injured. Mr. Hastings admitted that there was no such allegation in the narr.

SPRUANCE, J.:—A majority of the Court overrule the objection and allow the question to be put.

SPRUANCE, J., charging the jury:

Gentlemen of the jury:—This action was brought by the plaintiff, Lewis Anderson, against the defendant, the Mayor and Council of Wilmington, a municipal corporation of this State, to recover damages for injuries to the plaintiff and his horse, alleged to have been occasioned by the negligence of the defendant.

It appears from the evidence and is not denied that on the 24th day of December, 1905, the plaintiff was driving in a buggy or road cart along Third Street near Woodlawn Avenue, in this City, when his horse stepped or fell into a hole in said street, throwing him from his vehicle.

It is conceded that said Third Street, where said accident occured, was at that time a public street of this City, and used as such, but was not paved or entirely graded.

The plaintiff contends that the defendant, not regarding its duty, negligently permitted the said hole to be and remain in said Third Street, without proper safe-guards to warn persons traveling along said street, for such time as by the exercise of due and proper diligence it would have known of the existence of said hole and filled the same or put proper guards about it to notify travelers.

The defendant denies that the said injuries were occasioned by the negligence of the defendant; and insists that it had no notice or knowledge of the existence of said hole before said accident, and that its failure to know of the existence of said hole in time to fill or repair the same or to put proper guards about it before said accident, was not due to any negligence or carelessness on its part.

The corporation defendant by its agent, the Street and Sewer Department, had control of all the streets of the City, and was bound to exercise due and reasonable care and diligence to keep the same in such condition as to be safe for persons driving or walking along the same.

The care and diligence required of the defendant is reasonable care and diligence, proportioned to the danger or mischief liable to ensue from the omission of such care and diligence.

The defendant is not an insurer of the safety of travelers on the public streets under all circumstances. Its liability to persons injured by reason of a defect in the street, must be based upon its negligence. That is, upon its failure to exercise reasonable care, skill and diligence in the performance of its duty to keep the street in a safe condition.

It is not claimed by the plaintiff that the said hole was made by the defendant or any of its agents.

In order to render the defendant liable, it must appear from the evidence to your satisfaction that the defendant had notice or knowledge of the hole for such time as would have been reasonably sufficient to fill or repair the same or warn the public of the danger.

This notice or knowledge need not have been actual or express notice or knowledge; it is sufficient if there was implied or constructive notice or knowledge.

If the hole was dangerous to public travel, and had so existed for a time before the accident reasonably sufficient for the defendant to have known of its existence and condition, the law presumes or implies that the defendant had notice or knowledge of it, and its failure in a reasonable time after such notice or knowledge to fill or repair the same, or to place about it the proper safe-guards to warn persons traveling along said street, would be negligence.

The defendant is not bound for injuries occasioned by holes in the streets resulting from sudden storms or wash-outs, until it has had a reasonable time to fill or repair the same, or place

proper guards about the same, but if after notice actual or constructive, it neglects in a reasonable time to make the needed repairs or place guards to warn the public, it is guilty of negligence.

The defendant denies that the injuries complained of were caused by its negligence, and insists that they were caused by the negligence of the plaintiff, in carelessly driving into the hole which he could have seen and avoided by the exercise of reasonable care.

If the traveler, exercising due care, does not see or know that the street is in a dangerous condition, he has the right to assume that it is in a reasonably safe condition.

Even if the defendant was negligent in not filling or guarding the hole, the plaintiff was required to exercise reasonable care and diligence to avoid falling into it and if he failed to do so, he was guilty of negligence and cannot recover.

Where the injury complained of was the result of the negligence of both parties, the plaintiff is held to be guilty of contributory negligence and cannot recover, as the law will not in such case undertake to measure and balance the degree of responsibility attributable to each of the parties.

Negligence, whether of the plaintiff or defendant, is not presumed, and the burden of proving it is upon the party by whom it is alleged.

If you should be satisfied from the evidence that the plaintiff at the time of the accident was intoxicated, this is a proper subject for your consideration in determining whether, at the time of the accident, he exercised such reasonable care as a sober prudent and reasonably careful person would have exercised under similar circumstances.

Where the testimony, as in this case, is conflicting, the jury should reconcile it if they can; but if they cannot do so, they should give credence to that part of it which in their opinion is entitled to belief.

The verdict should be for that party in whose favor is the preponderance or greater weight of the evidence.

If your verdict should be for the plaintiff, it should be for such a sum of money as will reasonably compensate him for the injuries to his horse and to himself, including therein a reasonable compensation for the plaintiff's pain and suffering, his loss of time and his expenses incurred in endeavoring to be cured of his injuries.

The jury disagreed.