BEATRICE SOMERS GILMORE *v.* THE COMMISSIONERS OF REHOBOTH, a Municipal Corporation of the State of Delaware.

(*January* 23, 1937.)

HARRINGTON, J., sitting.

*Caleb R. Layton, 3d,* for plaintiff.

*James M. Tunnell, James M. Tunnell, Jr.,* and *Houston Wilson* for defendant.

Superior Court for Sussex County, Action on the Case, No. 18, April Term, 1936.

HARRINGTON, J., delivering the opinion of the court:

Beatrice Somers Gilmore, the plaintiff, has brought suit against the Town of Rehoboth, by its corporate name, in an action on the case, for the recovery of personal injuries, which she alleges were caused by the negligent failure of that town to keep a certain sidewalk, within its limits, in proper repair, though it knew its defective condition.

The case is before this court on a demurrer to the plaintiff's declaration, and it must, therefore, be assumed that the sidewalk in question was out of repair; that the defendant knew it, and the plaintiff's injuries were caused thereby. But the declaration, also, alleges that "The Commissioners of Rehoboth," the correct corporate name of that town, is a municipal corporation of this State, and the question sought to be determined by the demurrer is whether that town violated any legal duty which it owed to the plaintiff, though it knew that the sidewalk in question was defective, and did not repair it.

The act creating "The Commissioners of Rehoboth" is not only an act of a public nature, but, by its express language, it is, also, designated as a public act. *Chapter* 133, *Volume* 35, *Laws of Delaware,* as amended by *Chapter* 120, *Volume* 38, *Laws of Delaware.*

The provisions of that act, as amended, and the duties thereby imposed with respect to its streets and sidewalks, though not pleaded, will, therefore, be judicially noticed. *McQuillin on Municipal Corporations,* §§ 342, 849; *Winooski v. Gokey,* 49 *Vt.* 282; *Albrittin v. Huntsville,* 60 *Ala.* 486, 31 *Am. Rep.* 46; *Downs v. Commissioners of Town of Smyrna,* 2 *Penn.* 132, 45 *A.* 717.

*Section* 12 of *Chapter* 133, *Volume* 35, *Laws of Delaware,* being "An Act to Re-incorporate the Town of Rehoboth" provides:—

"That the said The Commissioners of Rehoboth be and they are hereby authorized and required, upon the written petition of five or more substantial freeholders of said town, to direct in writing the owner or owners of any house or land in Rehoboth before, along, in front of or adjoining which they may deem proper that a pavement should be laid, to curb and lay out a pavement, or either or both, of brick or smooth stones or cement, as the Commissioners may specify.

"In the event of any owner neglecting or refusing to comply with said notice for the space of three months, the said Commissioners may proceed to have the same done, and when done, the Collector of the said town shall, as soon as convenient thereafter, present to the owner or owners of said lands a bill, showing the expenses of such paving or curbing, or either or both."

That part of *Section* 12 is followed by provisions directing that the expenses incurred for any work done by the town, pursuant to the direction of that section, if not paid by the lot owner, within a specified number of days, shall be collected by legal process, specifying in detail the nature and character of that process.

*Section* 12 further provides:

"The provisions contained in this Section shall apply to any order made by the Commissioners of said town in respect to any pavement, sidewalk or curb heretofore made or done, which the said Commissioners may deem insufficient or to need repairing."

*Section* 9 of *Chapter* 133, *Volume* 35, *Laws of Delaware, entitled* "An Act to Re-incorporate the Town of Rehoboth," as amended by *Chapter* 120, *Volume* 38, *Laws of Delaware,* also, provides:

"That the said Commissioners of Rehoboth, for the good government and welfare of said town, shall have power to make, establish, publish and modify, amend or repeal ordinances, rules, regulations and by-laws, for the following purposes: * * * To regulate, clean and keep in repair the streets, highways, lanes and alleys, * * * sidewalks * * * in any manner whatsoever; * * * to * * * pave or re-pave, macadamize, gravel or shell the streets, highways and alleys of said town, and the sidewalks and gutters thereof, or any of them, or any parts or sections of the same; * * * to prescribe the manner in which said work shall be performed and to cause the expense thereof to be assessed on such lots, tracts, pieces or parcels of ground, whether improved or unimproved, and to determine the time and manner in which such assessment shall be collected."

■ Independent of an express statutory provision, such a public division of the State, as a county, though perhaps *quasi* municipal in its nature, was not liable at common law, and is not liable in this State to a tort action for injuries caused by a defect in a public highway. *Carter v. Levy Court*, 8 *Houst.* 14, 31 *A.* 715. See, also, 6 *McQuil. on Munic. Corp.*, § 2719; *Schigley v. City of Waseca*, 106 *Minn.* 94, 118 *N. W.* 259, 19 *L. R. A.* (*N. S.*) 689, 16 *Ann. Cas.* 169; *Pennells' Adm'r v. Wilmington*, 7 *Penn.* 229, 78 *A.* 915.

And independent of any such express statutory provision, it may be that the same rule is still applied in England in actions against corporations that are strictly municipal in their nature, such as cities and towns. 5 *Thomp. on Negl.*, § 5919; *Schigley v. City of Waseca*, 106 *Minn.* 94, 118 *N. W.* 259, 19 *L. R. A.* (*N. S.*) 689, 16 *Ann. Cas.* 169; *Thompson v. Brighton* (1894), 1 *Q. B.* 332.

■ But whatever the reason for the distinction may be (see 6 *McQuil. on Munic. Corp.*, § 2720; *Lane v. Minnesota Agricultural Soc.*, 62 *Minn.* 175, 64 *N. W.* 382, 29 *L. R. A.* 708; *Carter v. Levy Court*, 8 *Houst.* 14, 31 *A.* 715; *Pennells' Adm'r v. Wilmington*, 7 *Penn.* 229, 78 *A.* 915), a more liberal rule is applied in most jurisdictions in this country in tort actions of the same nature against incorporated cities and towns. 6 *McQuil. on Munic. Corp.*, §§ 2719, 2720. In those jurisdictions, applying the more liberal rule, where by statute a municipal corporation has been given exclusive authority and control over the streets and sidewalks within its limits, with adequate means and powers to take steps for their construction, improvement or repair, and a person is injured by a defect known, or which should have been known to the city or town (*Downs v. Town of Smyrna*, 2 *Penn.* 132, 45 *A.* 717; 6 *McQuil. on Munic. Corp.*, §§ 2724, 2729), but which has not been repaired, that corporation is subject to suit in an action

for negligence, though the liability to repair is not imposed by any express charter, or other statutory provision. 6 *McQuil. on Mun. Corp.,* § 2720; *Kiley v. Kansas City,* 87 *Mo.* 103, 56 *Am. Rep.* 443; *Bessemer v. Carroll,* 154 *Ala.* 506, 45 *So.* 419; *Schigley v. Waseca,* 106 *Minn.* 94, 118 *N. W.* 259, 19 *L. R. A.* (*N. S.*) 689, 16 *Ann. Cas.* 169. This is because from the very nature of the power and authority expressly given with respect to their improvement and repair a duty to keep such streets and sidewalks in a reasonably safe condition for public travel is implied. 6 *McQuil. on Mun. Corp.,* § 2720; 5 *Thompson on Negligence,* § 5915.

In discussing this rule, the author of 6 *McQuillin on Mun. Corp.,* § 2720, aptly and concisely said:

"Usually cities, villages and other incorporated municipalities have conferred upon them extensive powers in the management of their highways, streets, bridges, alleys and sidewalks and adequate means to keep them in reasonably safe condition for use in the usual mode by travellers, and hence in most States, independent of statute, they are held liable to private action for special injuries resulting from defects or obstructions in the streets or sidewalks."

These principles have been repeatedly recognized and applied in this State. *Seward v. Wilmington,* 2 *Marv.* 189, 42 *A.* 451; *Anderson v. Wilmington,* 6 *Penn.* 485, 70 *A.* 204; see, also, *Robinson v. Wilmington,* 8 *Houst.* 409, 32 *A.* 347; *Anderson & Son v. Wilmington,* 8 *Houst.* 516, 19 *A.* 509; *Stidham v. Delaware City,* 6 *Penn.* 359, 67 *A.* 175.

In *Seward v. Wilmington, supra,* the court said:

"It is the duty of the street and sewer department, acting under the corporation, having 'entire jurisdiction and control, within the limits of said city, of the streets, squares, lanes, walks, or alleys thereof * * * *' to keep the same in good repair and condition. They are bound to exercise due care and diligence that no dangerous holes, obstructions, or anything which may cause injury to persons shall exist in the streets, pavements, lanes, and footways, where the public have a right to travel night or day."

In *Anderson v. Wilmington,* 6 *Penn.* 485, 70 *A.* 204, 205, the court, also, said:

"The corporation defendant, by its agent, the street and sewer department, had control of all the streets of the city, and was bound to exercise due and reasonable care and diligence to keep the same in such condition as to be safe for persons driving or walking along the same."

And the fact that a municipal corporation is authorized by its charter to impose upon abutting owners the duty of keeping the sidewalks, within its limits, in repair, or that it may construct or repair such sidewalks at the expense of the abutting owners, does not relieve the municipality from liability to a person injured by the defective condition of any such sidewalks. *Rochester v. Campbell*, 123 *N. Y.* 405, 25 *N. E.* 937, 10 *L. R. A.* 393, 20 *Am. St. Rep.* 760; *Bloomington v. Bay*, 42 *Ill.* 503; *Hillyer v. Winsted*, 77 *Conn.* 304, 59 *A.* 40; 43 *C. J.* 980.

Applying these general principles to the provisions of the charter of the Town of Rehoboth, by reason of the powers over its streets and sidewalks expressly given it, it is apparent that by implication the duty to repair the sidewalk in question was imposed on it. This is certainly true as to the last paragraph of *Section* 12 of its charter above quoted.

The defendant claims that the rights given it, with respect to sidewalks within its limits, by that section of its charter, are wholly conditional, and points out that there is no allegation that any such petition of freeholders, as is therein provided for, was ever filed with the town authorities. 1 *McQuil. on Mun. Corp.*, § 371; 43 *C. J.* 212; 43 *C. J.* 248. But that section not only provides the method by which it may require that a pavement or sidewalk be constructed or laid out in the first instance, but, also, gives the town the authority and power to make orders with "respect to any pavement, sidewalk or curb heretofore made or done, which the said commissioners may deem insufficient or to need repairing."

That paragraph of *Section* 12 does provide that "The provisions contained in this Section" shall apply to any such orders made by the town, but when the section is read as a whole it is apparent that the prior provisions relating to a petition signed by freeholders is inconsistent with that paragraph of the section, and, therefore, can have no application to a case of this character where the plaintiff's injuries are alleged to have been caused by a defect in a sidewalk that had already been laid out.

■■ The same conclusion as to the liability of the Town of Rehoboth would, also, seem to follow from the language of *Section* 9 of its charter, as amended by *Chapter* 120, *Volume* 38, *Laws of Delaware*. As has already been pointed out, for the purposes specified in that section, the town is given the power "to make, establish, publish and modify, amend or repeal ordinances, rules, regulations and by-laws."

It is true that the right by charter authority to enact ordinances and kindred rules and regulations is usually a governmental rather than a strictly corporate function, and the omission to exercise that right does not ordinarily make the town liable for any resulting injuries. 6 *McQuillin on Mun. Corp.*, § 2631; *Jones v. Williamsburg*, 97 *Va.* 722, 34 *S. E.* 883, 47 *L. R. A.* 294. See, also, *Wilmington v. Vandegrift*, 1 *Marv.* 5, 29 *A.* 1047, 25 *L. R. A.* 538, 65 *Am. St. Rep.* 256.

But though the broad powers, with respect to the construction and repair of the streets and sidewalks of the town, given in *Section* 9 of the Charter, as amended, are in terms stated to be by ordinances, rules, regulations and by-laws, when such ordinances or regulations refer to the construction or repair of streets or sidewalks, they can not be said to be governmental functions.

The distinction between governmental and other func-

tions of a municipal corporation were clearly pointed out in *Jones v. Williamsburg*, 97 *Va.* 722, 34 *S. E.* 883, 884, 47 *L. R. A.* 294, *supra*.

In that case, the court said:

"The manner in which a highway of a city is used is a different thing from its quality and condition as a street. The construction and maintenance of a street in a safe condition for travel is a corporate duty, and for a breach of such duty an action will lie; but making and enforcing ordinances regulating the use of streets brings into exercise governmental, and not corporate, powers, and the authorities are well agreed that, for a failure to exercise legislative, judicial, or executive powers of government, there is no liability."

But, notwithstanding these conclusions, as to the effect of the charter provisions on the liability of the Town of Rehoboth, in an action of this nature, the first count of the declaration not only contains the usual allegations as to the damages suffered by the plaintiff, but, also, contains a separate and distinct allegation with respect to punitive damages. That allegation was specifically demurred to, and the plaintiff admits that the demurrer should be sustained. She, also, admits that the demurrer to the second count should be sustained.

Because of these admissions, the demurrer to both counts of the declaration is, therefore, sustained.