# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GEORGE X, | ) | |
|          Plaintiff, | ) | |
|     v. | ) | C.A. No.: N24C-10-237 FJJ |
| | ) | |
| PAUL H. MORRILL, JR., | ) | |
| THOMAS J. PARAG, DAVID L. | ) | |
| BAYLOR, SHANE MILLER, and | ) | |
| WILLIAM J. RHODUNDA, JR., | ) | |
|          Defendants. | ) | |
|   -And- | ) | |
| | ) | |
| PAUL L. PARETS and | ) | |
| THOMAS PARAG, | ) | |
|          Counterclaim Plaintiffs/ | ) | |
|          Third-Party Plaintiffs, | ) | |
|     v. | ) | |
| | ) | |
| GEORGE X, | ) | |
|          Counterclaim Defendant, | ) | |
| | ) | |
|   -And- | ) | |
| | ) | |
| ZEP TEPI INSTITUTE, INC., | ) | |
|          Third-Party Defendant. | ) | |

Submitted: October 3, 2025
Decided: December 12, 2025

**OPINION AND ORDER**
**On:**
**1. the Parties' Cross-Motions for Summary Judgment**
**GRANTED in part, DENIED in part**

**2. Plaintiffs Motion for a Protective Order**
**DENIED**

**3. Defendants' Motion for Sanctions**
**DENIED**

**4. Plaintiff's Motion to Preserve and Clarify the Court's
June 3, 2025 Ruling
DENIED AS MOOT**

**5. Plaintiff's Motion for Transcripts at the Court's expense
DENIED**

*Mr. George X,* Delaware City, Delaware, *Pro-Se Plaintiff.*

*William J. Rhodunda, Esquire,* Wilmington, Delaware, *Attorney for Defendants.*

**Jones, J.**

This lawsuit involves a claim asserted by the Plaintiff, George X ("Mr. X"), that a detached garage, as well as a basketball pole, backboard, rim and net (collectively referred to as "hoop") are encroaching on property to which Plaintiff has access to by virtue of right of way, thereby causing a diminution in value to his property. Plaintiff has sued several people, including a number of City of Delaware officials, based on a variety of legal theories.[1] Both Plaintiff and the Defendants have moved for summary judgment. This is the Court's decision on the summary judgment motions as well as a number of other pending motions.

## STANDARD OF REVIEW

Superior Court Civil Rule 56(c) states a party seeking summary judgment must show "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] "A genuine issue of material fact is one that 'may reasonably be resolved in favor of either party.'"[3] The court views the evidence provided "in a light most favorable to the non-moving party."[4] The initial burden is on the moving party to show there are no genuine issues of material fact.[5] The burden then shifts to the non-moving party to show there is at

---

[1] Not all claims are asserted against every Defendant. Where appropriate, the Court identifies in this Opinion which claims are brought against which Defendants.

[2] Del. Super. Ct. Civ. R. 56(c).

[3] *Saunders v. Lightwave Logic, Inc.*, 2024 WL 4512227, at *6 (Del. Super. Ct. Oct. 17, 2024) (quoting *Moore v. Sizemore*, 405 A.2d 679, 680–81 (Del. 1979)).

[4] *Gibson v. Metro. Grp. Prop. And Cas. Ins. Co.*, 2017 WL 5606714, at *2 (Del. Super. Ct. Nov. 15, 2017) (citing *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991)).

[5] *Id.*

least one material issue of fact in dispute.[6] The court must consider "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any," in determining whether there is a genuine issue as to any material fact,[7] and the court must "accept all undisputed factual assertions and accept the nonmoving party's version of any disputed facts."[8] However, any factual inferences made in favor of the non-moving party must be reasonable.[9]

## FACTUAL BACKGROUND

Mr. X owns the property at 301 Bayard Street which is located within the limits of Delaware City, Delaware. Adjacent to Mr. X's property is a property owned by Defendant Thomas Parag ("Parag"). Between these two properties lies an approximately 14-foot strip of land that is owned by Delaware City (hereinafter this strip of land will be referred to as "the right of way"). Plaintiff has the right to use this right of way to access his property.[10]

Sometime in 2023, Parag installed the hoop in the right of way. There is no factual dispute that the hoop was installed by or at the direction of Parag. A basketball hoop and net were installed on the pole. Mr. X immediately began

---

[6] *Id.*

[7] *Coker v. Tenney-Andrews*, 2016 WL 6659500, at *2 (Del. Super. Ct. Nov. 10, 2016) (quoting Del. Super. Ct. Civ. R. 56(c)).

[8] *Id.* (quoting *Sztybel v. Walgreen Co.*, 2011 WL 2623930, at *2 (Del. Super. Ct. June 29, 2011)).

[9] *Smith v. Haldeman*, 2012 WL 3611895, at *1 (Del. Super. Ct. Aug. 21, 2012) (citing *Mergenthaler v. Asbestos Corp. Of America, Inc.*, 1988 WL 16284, at *5 (Del. Super. Ct. July 13, 1988).

[10] There is a separate strip of land owned by Delaware City which is approximately 4 feet wide and divides Mr. X's property and the garage owned by Parag.

complaining to City Officials about the installation of the hoop. He filled out a complaint form which he sent to Delaware City. The complaint form provided the following:

## Delaware City Code Complaint Form

Date of Complaint: July 09, 2023

Address/Property location: 301 Bayard Street, Delaware City, Delaware 19706

Nature of the complaint (Use space below and please be specific):

There is an encroachment upon my landowner property rights at the above referenced address by a neighbor (i.e., Thomas J. Parag). On Saturday, July 08, 2023, about 1:00 PM, the neighbor ("Parag"), along with several associates, built a permanent structure, e.g., a basketball hoop and installed iron slabs on the appurtenances and rights-a-ways of the property situated at 301 Bayard Street, Delaware City, Delaware 19706 as set forth in the written terms of the enabling Deed.

Complainant Signature: _George X_

Date Received ___ / / ___  Time Received ___ : ___ AM/PM

Received by: _____

Notes:

Name: George X

Address: 301 Bayard Street

City, State & ZIP: Delaware City, Delaware 19706

Phone: 302-528-7344

Email: brogeorgex@gmail.com

| Assigned To: | Date Assigned: |
|---|---|
| Assigned by: | |

Mr. X forwarded his complaint via email to Michael Henderson, the chief of the Delaware City Police Department. The subject line of the emails between Mr. X and Henderson was entitled "Encroachment upon property rights." Mr. X had further email correspondence with two other Delaware City officials about his

complaint: 1) David Baylor, the Delaware City Manager at the time; and 2) Shane Miller ("Miller"), who was then Delaware City's Code Enforcement Officer. As seen below, Baylor sent an email back to Mr. X on July 13, 2023[11]:



Mr. X received another email response from Miller on July 17, 2023[12]:



[11] Docket Item ("D.I.") 1, ¶ 18; *see also* D.I. 1, Exhibit ("Ex.") 5.
[12] D.I. 1, ¶ 19; *see also* D.I. 1, Ex. 6.

Delaware City took no further action. The lawsuit in this matter was filed on October 22, 2024.[13] The hoop was removed in December 2024.[14]

In February 2025, Ronald Sutton ("Sutton"), at the request of Mr. X, surveyed the property. Sutton had also surveyed the property in 2020 at which time he came in and set the corners.[15]

Sutton is a licensed civil engineer who has performed thousands of surveys over the years.[16] He was deposed by the Defendants in this case and testified that the garage in question is located solely on the property of Parag.[17]

Sutton further testified that there's a 4-foot alleyway, which is owned by Delaware City, between the garage, the property line of Parag and Mr. X.[18] When questioned about the hoop, Sutton stated that the hoop had been removed by the time he did his 2025 survey, but he was able to identify the remnants of where the hoop was located.[19] The remnants of the hoop were situated in the right of way between the properties on land owned by Delaware City.[20] Sutton clearly testified that the hoop was not located on property owned by George X.[21]

---

[13] D.I. 1.

[14] D.I. 51, ¶ 1; *see also* D.I. 63, ¶ 1.

[15] D.I. 150, Ex. B at 7-8 (page numbers indicate the transcript page referenced).

[16] *Id.* at 6, 9.

[17] *Id.* at 9. In a prior decision in this case, this Court granted the Defendants' Motion to Dismiss Mr. X's allegations as it related to the garage on the grounds that those claims were barred by the statute of limitations. Even had those claims not been barred by the statute of limitations, the claims would have been dismissed at this summary judgment stage because the garage does not encroach in any way on the property of Mr. X or in the right of way.

[18] *Id.* at 10.

[19] *Id.* at 10-11.

[20] *Id.* at 11.

[21] *Id.*

## ANALYSIS

Mr. X has filed 3 amended complaints.  Mr. X has asserted the following causes of action: Fraudulent Misrepresentation (by City officials); Negligence and Gross Negligence for the City Defendants failure to Enforce Delaware City Ordinances; Breach of Contract; Civil Conspiracy; Due Process Violations by the City's officials; Trespassing (against Parag); Intentional Encroachment (against Parag); and unclean hands (against Rhodunda).

## TRESPASS AND INTENTIONAL ENROACHMENT CLAIMS

A trespass action requires the plaintiff to prove three elements: "(1) the plaintiff must have lawful possession of the property; (2) the defendant must have entered onto the plaintiff's land without consent or privilege; and (3) the plaintiff must show damages."[22] This Court could find no Delaware case that specifically permits a claim entitled "Intentional Encroachment."  Intentional Encroachment is akin to Trespassing.  It refers to a situation where a property owner builds or extends a structure, fence or even landscaping featured beyond their legal property line onto a neighboring property. Encroachments can either be deemed intentional (such as where a homeowner knowingly builds or extend something onto their neighbor's land without permission) or unintentional (such as when there is a

---

[22] *Kuhns v. Bruce A. Hiler Delaware APRT*, 2014 WL 1292860 (Del. Ch. 2014) (quoting *O'Bier v. JBS Const., LLC,* 2012 WL 1495330, at \*2 (Del. Super. Ct. Apr. 20, 2012)).

misunderstanding regarding boundaries or a neighbor's mistaken belief that he has a right to use the disputed land).

Defendants have moved for summary judgment on these two claims arguing that Mr. X cannot bring the action because there has been no trespass or encroachment on Mr. X's land but rather on the City's right of way. Defendants fail to appreciate that the right of way gives plaintiff the right to use the right of way, which in turn provides plaintiff the legal remedy of trespass or encroachment to enforce that right when that right is being interfered with. A person who has the right to use land by way of an easement can maintain a trespass action.[23] On this basis, Defendant's motion for summary judgment as to the trespass and encroachment claim are **DENIED**.[24]

As there has been admissions that Parag installed the hoop, and the hoop was not on his property but on the right of way, the Court **GRANTS** Plaintiff's motion for partial summary judgment on Plaintiff's trespass claim as to Parag. The Court does not grant summary judgment on the encroachment claim. It appears to the Court that a defense to the encroachment claim may be whether the encroachment reasonably impacted Mr. X's access. Because of this uncertainty, the Court will not grant summary judgment as to the encroachment claim. This is

---

[23] *Burris v. Cross* 583 A.2d 1364, 1377 (Del. Super. Ct. 1990); *see also Del-Chapel Associates v. Conectiv*, 2008 WL 1934503 (Del. Ch. 2008).
[24] The only Defendant sued for these claims is Parag.

not a concern as to the trespass claim.[25] The question of Plaintiff's damages from this trespass or encroachment remains for the trier of fact, as well as the reasonableness of the encroachment.

## NEGLIGENCE

Plaintiff has brought a claim based on negligence. The claims of negligence are against defendants Paul Morrill, David Baylor, Shane Miller, and William Rhodunda only in their capacity as officials or employees of Delaware City. Plaintiff points to various Delaware City ordinances, most specifically ordinance No. 14-1215-04. Plaintiff maintains that these ordinances impose a duty on the part of Delaware City officials to investigate complaints and take appropriate action where the complaint has merit. Plaintiff alleges that the City defendants breached this duty, did no investigation and, as a result, he was damaged.

Defendants maintain that the City defendants had no duty towards the plaintiff because Plaintiff's complaint involved his own land.

The first question is whether a violation of a Delaware City Ordinance can create a cause of action for negligence. The law is clear that it can.[26]

---

[25] *See Williams v. Manning*, 2009 WL 960670, at *8 (Del. Super. Ct. Mar. 13, 2009) (quoting Restatement (Second) of Torts § 929(1) cmt. e (1965)) (noting that to be a trespasser, one only needs to "intend to be upon the particular piece of land in question.").

[26] *Tucker v. Crawford*, 315 A.2d 737, 740 (Del. Super. Ct. 1974); *see also Gilmore v. Commissioners of Rehoboth*, 189 A. 284 (Del. Super. Ct. 1937); *Capital Management Co. v. Brown*, 813 A.2d 1094, 1098-99 (Del. 2002).

10

The second question is whether Plaintiff has put forth sufficient proof to support such a claim. He has. There is record evidence that Mr. X complained to City officials of an "encroachment upon my landowner property rights," yet the City did not take any action to investigate the claim. Whether the failure to respond to the complaint was reasonable and whether any damages flowed from the defendants' alleged failures are questions for the trier of fact. Plaintiff has come forth with sufficient facts to state a colorable claim based on the City's failure to investigate and remedy the problem.[27]

On December 1, 2025, Defendants filed the affidavits of David Baylor, Shane Miller and William Rhodunda which lay out in detail the investigation that was undertaken in response to Mr. X's complaint to the City. The Court assumes that these affidavits are submitted, in part, in response to each side's motion for summary judgment and will consider them.

Mr. X has moved for summary judgment on his negligence claim. There are issues of fact that preclude the granting of summary judgment on this claim. Specifically, there are factual issues surrounding the questions of proximate cause and damages. Additionally, the affidavits of Miller, Baylor and Rhodunda raise

---

[27] According to Defendants, Plaintiff's complaint alleged that the trespass was on his own property and, since the issue was on his own property, the City had no authority over the matter. The problem with this argument is that it ignores the nature of Plaintiff's complaint. In every email sent to City Officials and in the formal complaint itself, Plaintiff complained of "encroachment upon my landowner property rights." It was not limited to Mr. X's actual property. While that may be a defense to the claim, that does not negate the fact that the Defendants owed a duty to the Plaintiff under the city ordinances to investigate the claim and take appropriate action.

questions of fact as to the reasonableness of the City's response to Mr. X. In short, the three affidavits do not lead this Court to a conclusion that summary judgment should be granted to the defendants. The question of the whether the City's response to Mr. X's request was reasonable remains a fact issue that precludes summary judgment. The same result is reached as to the claims of fraudulent misrepresentation against Defendants Baylor and Miller.

On October 3, 2025, Mr. X filed a Supplemental Motion for Partial Summary Judgment on Damages. Mr. X maintains that Defendants have waived discovery and any challenge to his claim for damages. In addition to filing the supplemental motion, Mr. X has filed a motion for a protective order maintaining that he should not have to respond to discovery and should not be compelled to attend a deposition. Defendants have filed an opposition in response to these requests. The opposition includes a motion for sanctions against Mr. X for his failure to answer discovery and for his failure to agree to produce himself for a second deposition.

In support of this position Mr. X points to: 1) an April 22, 2025 letter from Mr. Rhodunda which confirmed that Defendants would not pursue discovery and would not challenge Plaintiff's damages; 2) Plaintiff's acknowledgment of Mr. Rhodunda's letter by way of an April 25, 2025 letter; and 3) Mr. Rhodunda's

statements in Court on June 3, 2025, and August 27, 2025, that no additional discovery was needed.

The Court has examined the letters and reviewed the audio of the hearings. At the June hearing, there was no discussion of discovery. While Mr. Rhodunda may have said at one point during the August 27, 2025, hearing that he needed no additional discovery, by the end of the hearing he made it clear that he was not certain of this and would have to review the matter further. Near of the end of the hearing Mr. Rhoduana advised that he would issue new discovery. The April 22, 2025, letter from Mr. Rhoduana to the plaintiff in no way constitutes any type of admission from the defendants that they were not contesting damages. In fact, the letter demands that Mr. X answer outstanding discovery and that he produce himself for a deposition. The August 27, 2025, court proceeding does not indicate that the defendants were admitting to Plaintiff's damages. In short, the defendants have not waived any right to conduct discovery as to the issues that remain in the case.

Mr. X has filed a motion requesting that the Court order that transcripts be prepared of the June 3, 2025 and August 27, 2025 hearing. Given this Court's review of the audio of these proceedings and the rulings made in this opinion, the Court denies Mr. X's request to have transcripts prepared at the Court's expense. That the transcripts are simply not necessary for the prosecution of Mr. X's case.

Mr. X's request for a protective order is denied. I am also denying Defendants' request for sanctions. I am giving Mr. X the benefit of the doubt as a pro se litigant that he believed what he believed even though this Court has disagreed with his position. This decision makes it clear, however, that the issues of negligence, proximate cause and the plaintiff's damages very much remain in this case. I am cautioning Mr. X that given the continued existence of these issues, he must comply with his discovery obligations. I am granting Defendants' motion to compel. Mr. X should answer the outstanding discovery and submit himself to a second deposition.

Mr. X has moved for summary judgment as to the existence and validity of his easement. At oral argument, Defendants conceded that the documents granted Mr. X the right to use the rights of way surrounding his property for his use in accessing his property. The Court heard nothing from the parties at oral argument that in any way disputed that the right of way gives Mr. X the right to use the right of way surrounding his property, which are owned by Delaware City, to access his property. To the extent that Mr. X is seeking a declaration to this effect, it is so given. If the Court has misunderstood Mr. X's request for declaratory relief or he believes that he is somehow entitled to more than set forth herein, he should bring this to the Court's attention and be very specific about what is being requested.

Finally, Mr. X has asserted a separate claim for unclean hands. Unclean hands is an equitable doctrine that has no place in this Court. [28] Summary Judgment is **GRANTED** to the Defendant Rhodunda as to the Unclean Hands claim.[29]

At the August 27, 2025, oral argument in this matter, Defendant's motion in limine as to damages was heard and decided. The Defendants moved this Court to rule that Mr. X's damage claim could not stand alone on the two letters from Zep Tepi Institute regarding that entity's potential purchase of Mr. X's property. At oral argument, the Court ruled that the two letters were hearsay and not subject to any exception. The Court ruled that to the extent Mr. X was relying upon these letters to support his damage claim, he would have to produce the person who signed the letters as a witness to testify at trial. Without such testimony a damages claim based on these letters could not be made. During this same hearing, the Court also addressed Defendants' motion for protective order where Defendants asked the Court to prohibit the plaintiff from continuing to litigate the issues concerning the garage through the use of discovery requests. At the hearing, the Court granted this motion on the basis that the Court had previously dismissed these claims. The Court memorializes and reaffirms those two rulings in this

---

[28] *Korotki v. Hiller & Arban, LLC*, 2017 WL 2303522, at *11-12 (Del. Super. Ct. May 23, 2017) (citing *USH Ventures v. Glob. Telesystems Grp., Inc.*, 796 A.2d 7, 20 n.16 (Del. Super. Ct. 2000)).

[29] Rhodunda is the only defendant sued for Unclean Hands.

decision for the reasons stated on the record during the hearing and for the reasons stated herein.

For the above reasons Defendant's Motion for Summary Judgment is **DENIED** in part and **GRANTED** in part. Plaintiff's Motion for Summary Judgment is **DENIED** in part and **GRANTED** in part. Plaintiff's Motion for Protective order is **DENIED**. Defendants' Motion for Sanctions is **DENIED.**[30]

**IT IS SO ORDERED.**

/s/ Francis J. Jones, Jr.
Francis J. Jones, Jr., Judge

*cc:* Counsel of Record via *File&ServeXpress*

---

[30] On September 3, 2025, Mr. X filed motions to preserve the Court's June 3, 2025, stipulation and clarify damages and a Nunc Pro Tunc Motion asking this Court to preserve and clarify the stipulation entered on June 3, 2025, which plaintiff alleges narrowed this case to the issue of damages. These motions have been addressed in this opinion. Therefore, the Court considers them moot and they are denied as moot.