# City of Bessemer *v.* Carroll.

*Action for Injury on Account of Defective Street.*

(Decided Jan. 14, 1908. 45 South. 419.)

1. *Evidence; Judicial Notice; City Charter.*—The courts take judicial notice of city charters, and the provisions therein.

2. *Municipal Corporations; Defect in Streets; Liability; Statutory Exemptions.*—A city is liable for its negligent failure to make proper

[City of Bessemer v. Carroll.]

repairs of its streets, unless relieved of its liability by its charter provisions, or otherwise, where the power is conferred upon it by charter to open, alter, grade, improve, and exercise exclusive control over the public streets within its limits, though the duty to repair is not imposed by its charter provisions.

3. *Same.*—Where the charter provisions of a city limits its liability for defects in streets to those over which it had assumed and exercised some of the powers conferred upon it by the charter, it is not liable to one for injury because of a defect in the street not established by the city and over which it had never exercised any of the powers conferred by its charter.

4. *Same; Exemption from Liability; Legislative Power.*—It is a proper exercise of legislative power by charter provisions, to relieve a city from liability for a failure to exercise the powers conferred upon it by its charter.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Action by Sudie Carroll against the city of Bessemer. From a judgment in favor of plaintiff, defendant appeals. Reversed and remanded.

T. T. HUEY, PINKEY SCOTT, and B. G. PERRY, for appellant. Under the charter of the city of Bessemer, it is not liable for any failure to exercise the power given it to establish streets, avenues and alleys, and under the testimony in this case, it is without dispute that the city never undertook to perform or exercise any of the powers granted over the street at the place where the defendant was injured.—*Mayor and Aldermen of Birmingham v. Star,* 112 Ala. 98; *City of Montgomery v. Wright,* 72 Ala. 411.

ESTES, JONES & WELCH, for appellee. A street brought into a city or used by the public is a public street and places the duty on the city to keep it in repair.—*Franklin v. Coleman,* 65 Am. St. Rep. 412; *Fowler v. Linquist,* 138 Ind. 566. The city cannot excuse itself by repairing part of the street. The duty extends to the street in its

entirety.—*Birmingham v. Lewis,* 92 Ala. 352; *Montgomery v. Wright,* 72 Ala. 420; *Arndt v. Cullman,* 132 Ala. 546. Under the facts in this case it is beyond the power of the city to say that Alabama Avenue is not one of its public streets.—*Demopolis v. Webb,* 87 Ala. 659; 74 Am. Dec. 358; 52 Am. Dec. 476; Elliott on Roads & Streets, page 163-4.

TYSON, C. J.—This action is brought against the defendant, a municipal corporation, for the recovery of damages alleged to have been suffered by plaintiff by reason of a fall from a vehicle occasioned by a defect in one of its streets. There are many assignments of error, based upon what are conceived to be erroneous rulings of the trial court made upon the trial.

The pivotal point in the case is whether, under the undisputed evidence, the defendant can be held liable for its failure to repair the street at the point where plaintiff was injured; and the solution of this question depends upon what effect must be given to that provision of the charter of the city, of which this court takes judicial notice, conferring upon it certain power and authority with respect to streets or avenues, which is in this language: "To establish streets, avenues, alleys and sidewalks, and the fixing and giving the grade thereof, to compel the removal of obstructions from any highway, street, avenue or alley in the city, and to open, alter, widen and extend, grade, cut down, fill in, pave or otherwise alter and improve all streets, avenues, sidewalks, alleys and public places of the city; but the city shall not be liable for any failure to exercise this power." It will be observed that no duty is imposed upon the city to exercise any of the powers delegated. Whether any or all of them should or not be exercised by the munici-

pality was in the sound discretion of its governing body; and clearly the mere failure to exercise any or all of the powers conferred would impose no liability upon the city. It will also be observed that no duty is imposed upon the city by the provision quoted, or by any other provision of the charter, to repair streets. Having, however, the power to establish, grade, improve, and the exclusive control of public streets within its limits, the duty of the city to repair and improve, so as to remedy defects which would render them unsafe to the traveling public, is inferred; and in the absence of a negatation of the city's liability the negligent failure to perform the duty is actionable. Elliott on Roads and Streets, § 477; 2 Dillon on Municipal Corporations (4th Ed.) § 1018. Here we have in the charter under consideration a negatation of the city's liability for its failure "to establish streets * * * and for its failure to open, alter, widen, fill in, pave or otherwise alter and improve streets," etc.·

Having shown that there could be no liability upon the city for its failure to execute any one or all of these delegated powers, and giving to the words negativing its liability some effect, which we must do, it must be held that it was the purpose of the negation to exempt the city from liability, which would otherwise exist by inference or implication, for injuries occasioned by defects in the streets or avenues over which the city had not exercised the powers conferred, but which had otherwise become public highways by use by the public generally or otherwise, and to limit the city's liability in such cases to those streets or avenues which it had established or upon which it had done one or all of the other acts named. Indeed, this is the only field of operation that can be reasonably given to the negation of liability ex-

[City of Bessemer v. Carroll.]

pressed in the charter. The conclusion that such was the legislative intent and such is the proper interpretation of the provision in the charter is made plain by the fact that many of the streets and avenues now in the limits of the city were established by the Bessemer Land Company long prior to the establishment of the city. Doubtless this fact prompted the Legislature to embody in the charter the limitation upon the liability of the city which might otherwise exist. The purpose of the exemption was to relieve the city of undertaking the improvement or repair of all the streets and avenues which had been established or opened by the land company. Of course, if there was no duty to repair, there can be no liability for failing to do so. Legislative competency to create the exemption, as here, is not questioned, and cannot be.

On the trial the evidence undisputedly established the fact that the avenue upon which the plaintiff was injured was established by the land company prior to defendant's existence, and that defendant has never exercised or attempted to exercise any of the powers conferred by improving it, etc. We therefore conclude that there is no liability, and that the general affirmative charge, requested by the defendant, should have been given. The case of *Mayor and Aldermen of Birmingham v. Starr*, 112 Ala. 98, 20 South. 424, relied on as holding a contrary conclusion, does not support the contention. As we read and interpret the opinion, it is in entire accord with the conclusion reached by us. Whether the city in that case was liable for failure to repair a street over which it had not exercised one of the powers conferred by its charter was not presented. All there held was that the city was not exempted from liability for its failure to repair defects in streets over which it exercised

one of the powers conferred.  Indeed, this was the only question presented, and the only one determined, as will be repeatedly seen from an examination of the averments of the complaint and the demurrer interposed to it.

Reversed and remanded.

DOWDELL, SIMPSON, and DENSON, JJ., concur.