# Sutton *v.* City of Bessemer.

### *Damage from Defective Street.*

(Decided January 21, 1913.    60 South. 954.)

*Municipal Corporation; Streets; Dedication; Acceptance.*— Where there was evidence that the city had exercised its charter powers to grade, improve and repair a street on which the injury occurred, it was error to direct a verdict for the city under a charter provision thereof that it should not be liable for a failure to exercise its powers to open, alter and improve streets, although the place of the injury was within an open way on which was posted a notice that it was the private property of a railroad.

APPEAL from Jefferson Circuit Court.

Heard before Hon. JOHN C. PUGH.

Action by Lucy Sutton against the city of Bessemer for damages for injuries received from a defect in one

of the streets. Judgment for defendant and plaintiff appeals. Reversed and remanded.

MATHEWS & MATHEWS, for appellant. The city is liable for injuries resulting from its absolute and corporate duty to keep its streets in repair and free from obstruction.—*Campbell v. Montgomery,* 53 Ala. 527; *Woodruff v. Stewart,* 63 Ala. 212; *Lord v. Mobile,* 113 Ala. 360; *Montgomery v. Brantley,* 159 Ala. 230; 28 Cyc. 854. Under the evidence in this case, the city recognized this highway as one of its streets, as it appears that it had exercised its corporate power to open, grade, etc.—28 Cyc. 1348. The court erred, therefore, in giving the affirmative charge.—*McCormick Co. v. Lowe,* 151 Ala. 315; *C. M. & S. Co. v. Bingham,* 169 Ala. 554; *Bessemer v. Jones,* 169 Ala. 481.

G. F. GOODWYN, and L. H. ETHERIDGE, for appellee. Under its charter and under the influence of *City of Bessemer v. Carroll,* 154 Ala. 506, the action of the court in directing a verdict for defendant was entirely proper. A part of the charter referred to above was not repealed by the municipal code.—28 Cyc. 240, 244 and 245.

PELHAM, J.—The general affirmative charge in this case was given in behalf of the defendant, on the theory, it seems, that the municipality was not liable for the injuries complained of because of the exemption from liability granted by subdivision 29 of section 15 of the charter.—Local Laws of Jefferson County, p. 71.

The appellant cites and relies on *City of Bessemer v. Carroll,* 154 Ala. 506, 45 South. 419, construing this section of the charter on the proposition of the negation of the city's liability.

There is a marked dissimilarity between the case as presented in this record and the case last above cited. In the case of *Bessemer v. Carroll, supra,* the opinion was based on the undisputed evidence showing "that the avenue upon which the plaintiff was injured was established by the land company prior to defendant's existence, and that defendant has never exercised or attempted to exercise any of the powers conferred by improving it," etc. There is no such undisputed evidence in this case. On the contrary, we are not informed anything about the land company except in appellee's brief, and the evidence set out in the bill of exceptions, to which alone we must look for the facts, has a decided tendency to show that the city had undertaken to exercise the power conferred on it by its charter by assuming control over the street or sidewalk in question.

The witness Lucy Sutton, the plaintiff, testified that the place where she was injured is in one of the public streets of the city of Bessemer, where a great many people travel upon and along the street. The witness Mary Gibbs testified that she had seen the city convicts clean out out the gutter at this place. The witness Messenger Sharpe testified that he had seen the foreman of the city's street gang at work with the street gang on this street at or near the place where the plaintiff was injured, putting down cinders and gravel and working the street. The witness Alice Hargrove testified that the place where the injury occurred was in one of the public streets of the city, and that it was used by the public. The witness C. B. Sutton testified that the injury occurred in a public street of the city, used generally by the public; that he saw the street foreman of the city, with the street gang, engaged in repairing the footbridge where plaintiff was injured, the next morning after the injuries were received; that the street was

graded and the sidewalk built by the city; and that he had seen the street gang at work on the street and sidewalk at this point several times before and after the plaintiff was injured. In answer to the interrogatories propounded to the defendant under the statute, the defendant stated that the footbridge was repaired by one of the city's employees shortly after the accident, but subsequently undertook to correct the statement by answering that the repairs were made by the Tennessee Coal, Iron & Railroad Company. Both statements, however, were before the jury.

The defendant offered no evidence, and did not undertake to rebut the tendencies of the plaintiff's testimony going to show, that the city had exercised the power conferred on it "to open, alter and extend, grade, cut down, fill in, pave, or otherwise alter and improve" this street or sidewalk where the injury occurred, except to show by a cross-examination of some of the plaintiff's witnesses that this street ran through an open way in a fence; that the fence came up to near the edge of the sidewalk at about a right angle; and that posted on the fence was a sign stating that the road was the private property of the Tennessee Coal, Iron & Railroad Company. Under this state of the evidence it was error to give the general affirmative charge for the defendant, for, under the most favorable aspect to the defendant, it was a question for the jury to pass upon, as there was ample evidence affording an inference that the city had exercised the power conferred on it and assumed control over this street and had established the sidewalk at the place where the plaintiff was injured. "There is nothing in this provision [negativing liability] fairly construed to exempt the city from liability for establishing a dangerous or defective street or sidewalk."—

[Southern Railway Company v. Foster.]

*Mayor and Aldermen of Birmingham v. Starr,* 112 Ala. 98, 106, 20 South. 424, 427.

The provision negativing liability construed in the above-cited case is a similar provision to the one under consideration in this case. What is true with respect to establishing a dangerous or defective street or sidewalk is equally true with respect to maintaining one (with knowledge, express or implied), over which the city had assumed control or undertaken to exercise one of the powers conferred.

For the error of the court in giving the general charge for the defendant, the case must be reversed.

Reversed and remanded.