CITY OF HATTIESBURG *v.* COBB BROS. CONST. CO.

(Division A.   Nov. 28, 1938.   Suggestion of Error Overruled Jan. 9, 1939.)

[184 So. 630.   No. 33318.]

E. J. Currie, of Hattiesburg, for appellant.

484

486

George **W. Currie,** of Hattiesburg, for appellee.

490

Argued orally by **E. J. Currie** for appellant and by **Geo. W. Currie**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

This is an action by the appellee for restitution. The allegations of its declaration are in substance as follows: On September 12, 1929, the City of Hattiesburg advertised for sealed bids for the construction of a sewerage system, each bid to be accompanied by a certified check payable to the City as a guarantee that the bidder would enter into a contract to construct the sewerage system and execute a bond therefor. Pursuant to this notice, the appellee filed a written bid for the construction of the sewerage system, accompanied by the required certified check for $2,500. Prior to the awarding of the contract on the bids received therefor, the appellee notified the appellant in writing that it had made a mistake in its bid and desired to withdraw it, but the appellant declined to permit it so to do and awarded the contract to it, which award the appellee declined to accept and asked for the return of its check. This request was refused, the check was collected and the proceeds thereof retained by the appellant.

One of the several complaints of the appellant is that the court refused its request for a directed verdict.

The case was begun December 10, 1934, by a bill in equity and was before this Court on an interlocutory appeal in City of Hattiesburg v. Cobb Bros. Construction Company, 174 Miss. 20, 163 So. 676. The Court there said, ''A guaranty deposit can be recovered back by the bidder because of an honest mistake in calculation in making the bid, provided he gives notice of his withdrawal of the bid before any action is taken thereon.'' The Court further said that in order to prevent the bar of the three-year statute of limitations, Code 1930, section 2299, it would be necessary for the appellee to prove its cause of action by written evidence. One link in this cause of action is that the appellee delivered to the appellant, before its bid was accepted, a written request to withdraw its bid couched in such language as made it the appellant's duty to acquiesce therein.

On September 26, 1929, the day for the opening of the sealed bids, an officer of the appellee and other bidders appeared before the City's Mayor and Commissioners, the bids were opened in their presence, and it appeared therefrom that the appellee was the lowest bidder. The contract was not then awarded, but the bids were referred to the City's Engineer to determine whether they were in accord with the plans and specifications for the sewerage system, and October 4th set for awarding the contract.

On October 4th, M. G. and W. L. Cobb, officers of the appellee corporation, appeared, and according to their testimony, just before the contract was awarded, W. L. Cobb wrote a letter to the Mayor and City Commissioners, on the sill of one of the windows of the room in which the Mayor and Commissioners were, read it to them and then gave it to the Mayor. The delivery to the Mayor by Cobb of a written instrument was admitted by the Mayor, but he said this was not done until some time after the contract had been awarded to the appellee. The letter was lost, but several witnesses, who say they heard it read to the Mayor and Commissioners, testified that

in substance it stated that a mistake had been made in the bid, the appellees desired to withdraw it and requested that its check be returned. M. G. Cobb said: "I don't recall the exact wording, Mr. Currie,—it was in the form of a statement that we had made a mistake in our bid, and desired to withdraw it, and not be awarded the contract. That is the general content, I don't remember the exact wording." W. L. Cobb said: "We addressed it to the Mayor and Commissioners, and recited that the figure we had filed at the time, I believe it was September 26, that we had found some error, and that we be allowed to withdraw our bid and be given our certified check back." Pretermitting any discussion of the sufficiency of the evidence to prove the contents of a written instrument, we come at once to whether its claimed contents were sufficient to impose on the appellant the duty of permitting the appellee to withdraw its bid.

The letting of public contracts by competitive bidding is for the protection of the public, and the public authorities are without the right to permit a bid for the contract to be withdrawn in the absence of circumstance that would render it inequitable not to permit its withdrawal. The inequitable circumstance here claimed is an honest mistake in determining the amount of the bid. Unless the mistake was in fact made, and honestly made, no right of withdrawal would appear. In determining whether to permit the withdrawal of this bid, the Mayor and Commissioners were under the duty to the public to ascertain whether a mistake affecting the amount of the bid had in fact been made. In order to do this, it was necessary for them to be advised of the character of the claimed mistake, so that they might consider it in connection with the bid and the advertisement therefor. The mere claim that a bidder has "made a mistake" or "found some error" in his bid neither gives him the right to withdraw his bid nor imposes on the public authorities any duty to examine the bid in order to ascertain whether a mistake appears therein. Another rea-

son for requiring the character of the mistake made to be set forth in a notice of withdrawal of a bid is that, in an action to rescind the contract made by the acceptance of the bid and to recover a benefit conferred by the bidder on the other party to the contract, the bidder may be confined to the particular mistake claimed to have been made when the notice of withdrawal was given.

But, the appellee says that this rule does not apply here for two reasons: (1) The appellant waived the failure of the notice to set forth the character of the claimed mistake in the appellee's bid by not requesting the appellee, when the notice was given, to then disclose the character of the mistake claimed to have been made; and (2) it appears from the evidence that the appellant, prior to the giving of the written notice of the mistake, had been verbally informed of the character of the mistake.

The appellant's duty was to act on the notice as given, and it was under no duty to advise the appellee what the notice should contain in order to be effective. There is some evidence that prior to the day on which this notice was given the two Cobbs conferred with the appellant's officers and engineer as to the appellee's bid, but it does not appear therefrom what mistake, if any, in the bid was then claimed. But, aside from that, the appellee's case, in order to avoid the three-year statute of limitations, must be proved by written evidence. One essential link therein is the giving of this notice. Consequently, the notice must appear in writing and cannot rest partly in parol.

Reversed and cause dismissed.