BISHOP *v.* CITY OF MERIDIAN.

No. 39542 April 4, 1955 79 So. 2d 221

May 2, 1955 79 So. 2d 815

*Nate S. Williamson, Lester F. Williamson,* Meridian, for appellant.

*Dunn & Singley,* Meridian, for appellee.

*H. C. Mike Watkins, Sam O. Buckley,* Meridian; *T. H. Campbell, Jr.,* Yazoo City, Amici Curiae.

McGEHEE, C. J.

The plaintiff, Miss Annie Bishop, sued the City of Meridian for damages on account of personal injuries sustained on October 31, 1953, when she is alleged to have stepped into a broken drain or sewer when getting off of the sidewalk at the corner of Fourth Street and Twenty-Third Avenue in downtown Meridian. The defendant filed an answer in which it denied the material allegations of the declaration as to the fault or negligence of the City, and as to the extent of the injuries alleged to have been sustained.

There was incorporated into the defendant's answer a plea in bar to the plaintiff's alleged cause of action, and which plea charges that under the provisions of the private charter of this municipality, as amended on October 5, 1953, all functions, duties and powers exercised by the City "are declared to be governmental functions, duties and powers and no action or suit may be brought or maintained against the City of Meridian, Mississippi, for any negligent, tortious or unauthorized act of any officer, agent, servant or employee" thereof.

There are attached as exhibits to this plea in bar a certificate of the Secretary of State that the amendment attached thereto of the charter of incorporation of the

City of Meridian "was pursuant to the provisions of Chapter 491, Laws of Mississippi of 1950, * * * ." The pertinent part of the amendment to the charter reads as follows: "The Charter of the City of Meridian, Mississippi, is hereby amended so as to declare that all functions, duties and powers exercised by the City of Meridian, Mississippi are public governmental functions, duties and powers and no action or suit shall be brought or maintained against the City of Meridian, Mississippi for any negligent, tortious or unauthorized act of any officer, agent, servant or employee of the City of Meridian, Mississippi."

The amendment was approved by the Governor upon the opinion of the Attorney General's office which stated "that said proposed amendment is consistent with the Constitution and laws of the United States and the Constitution of this State, and is not in conflict with any provision of Chapter 491, Laws of 1950, expressly made applicable to municipalities operating under a private or special charter, and is not in conflict with the provisions of any other act expressly made applicable to any such municipality."

The plea in bar was heard preliminarily by the trial court under a stipulation of counsel which identified the exhibits to the plea as being true and correct copies of the originals and agreed that the same might be considered as having been introduced on the hearing of the plea; whereupon the same was sustained and the cause dismissed, the plaintiff having declined to plead further after challenging the constitutionality of the amendment.

The general law of the State of Mississippi as it relates to the method by which such a private charter may be amended, is now Section 109, Chapter 491, Laws of 1950 (Section 3374-109, Code of 1942). That statute provides the manner and method by which a municipality now existing, which had not adopted the Code Chapter or commission form of government, but is governed by another charter, may amend such charter after the de-

sired amendment has been published for the time provided for and has been approved by the Governor under an opinion from the Attorney General to the effect that the proposed amendment is consistent with the Constitution and Laws of the United States and the Constitution of this State.

It is to be observed that the statute relied upon as authority for the amendment of the special charter of the City of Meridian does not contain a legislative declaration as to what amendments a municipality may adopt to its charter, but merely prescribes the manner and method as to how an amendment may be made if it is consistent with the Constitution and Laws of the United States and the Constitution of this State.

It is stated in 63 C. J. S., Sec. 751, page 39, that: "Subject to constitutional limitations, the legislature has control over the liability to which a municipal corporation may be subjected for tort." And in 38 Am. Jur., Sec. 585, page 282, it is stated: "The legislature has the power, within constitutional limitations, to determine to what extent a municipality shall be liable for injuries negligently inflicted by its officers and agents in the exercise of its powers, and may change common-law rules of municipal liability and create statutory rules in place thereof without offending any constitutional limitation by the mere fact of change."

Therefore, assuming in the instant case that in the enactment of Section 109, Chapter 491, Laws of 1950, that the legislature had the power, *within constitutional limitations,* to determine to what extent the City of Meridian and other municipalities with similar charters, shall be liable for injuries negligently inflicted by its officers and agents in the exercise of its powers, just as Congress may endow a governmental corporation with the government's immunity, as was held in Keifer & Keifer v. R. F. C., 306 U. S. 381, 59 S. Ct. 516, 83 L. Ed. 784, the fact still remains, as stated in that case, "But always the question is: Has it done so?"

Much emphasis is placed upon the fact that this Court has now definitely declared the legislature's constitutional right to abolish any common-law remedy as to torts yet to happen, as was held in the case of Walters v. Blackledge, (Miss.), 71 So. 2d 433, when this Court upheld the constitutionality of Mississippi's Workmen's Compensation Act. However, it was the considered judgment of the legislature in that instance, not that all right to recover for an injury should be taken away but that the remedy should be changed and the amount of recovery limited, whereas in the instant case the proposed amendment in question provides for total immunity from liability on the part of the defendant municipality in actions of tort.

The cases of Yazoo City v. Lightcap, 82 Miss. 148, 33 So. 949, and Love v. Holmes, 91 Miss. 535, 44 So. 835, are cited by the appellee, City of Meridian, to support the contention that a municipality has the right to amend its private or special charter in the maner prescribed by the legislature, and that this right has been constantly upheld by this Court and those in other states. But the difficulty here is that the charter is not sought to be amended in a manner prescribed by the legislature, as to the substance of an amendment, but rather in a manner prescribed by the city authorities in that behalf. The statute relied on only deals with the mechanics as to how a private or special charter may be amended; it does not deal with what the amendment shall consist of.

 It is a well settled principle of law that a municipality is solely a creature of the legislature, and that it has only such powers as are conferred by statute or which are necessarily implied for the proper exercise of the powers clearly conferred.

 We do not think that the mere power to amend a private or special charter as brought forward as Section 109, Chapter 491, Laws of 1950, from prior Codes, has the effect of vesting in the city authorities the power to abolish all actions for damages based upon an alleged

negligent failure of the city authorities to maintain its streets in a proper and safe condition. That chapter provides that municipalities may sue and be sued, and it is settled by a long line of decisions of this Court that in the construction and maintenance of its streets and sidewalks a municipality is acting in its corporate or proprietary capacity and is liable in tort actions based on a negligent failure to maintain them in such condition as not to endanger the safety of the public in the proper use thereof. And even though the distinction between the exercise of governmental functions by a municipality and its exercise of corporate or proprietary functions may not have been clearly defined by the courts, nevertheless the distinction is recognized to exist under the decisions of this Court, and the legislature has not seen fit by statute to abolish, or to authorize the abolishment of, such distinction as being unsatisfactory and contrary to the public welfare.

 This Court has consistently held that when a municipality is engaged in the performance of governmental functions no liability for negligence will exist in such instances, but that liability will exist where the negligence is connected with the performance of a corporate or proprietary function such as the maintenance of its public streets and sidewalks. Nor do we think that a declaration in a city ordinance that "all functions, duties and powers exercised by the City * * * are public governmental functions, duties and powers" can have the effect of converting corporate or proprietary functions into governmental functions. At any rate, we do not think that the legislature has conferred upon the defendant municipality the authority to so declare, even though it should be conceded that since a municipality is a creature of the legislature it may, within the limitations of Sections 17 and 24 of our State Constitution, impart to it some of its sovereignty by statute.

We are not here confronted with the question of whether or not when a municipality is granted a charter by an

act of the legislature, containing the provision hereinbefore quoted from the proposed amendment, such action would be a valid exercise of the legislative power. That question is not before us. But such power was involved in some of the cases decided in other states. In the case at bar the defendant municipality seeks to draw its authority, for adopting this amendment, merely from the provision of a statute which deals only with the mechanics of procuring an amendment to such a charter, and not one dealing with what the amendment may consist of. On this precise point the cases relied on are not controlling.

We think that the numerous decisions cited in the brief of appellee are in support of its contention that the legislature has the right, *within constitutional limitations,* to determine to what extent a municipality shall be liable in damages for torts, but we are of the opinion that neither the statute relied upon nor any decision of this Court would sustain the proposition that the legislature has in fact granted immunity from liability in a tort action against the defendant municipality, or has authorized said municipality to declare corporate or proprietary functions to be governmental functions. We do not therefore reach the question of whether the authority contended for would be violative of Sections 17 and 24 of our State Constitution, and we express no opinion in regard thereto.

If a statute of the legislature had authorized that to be done which the amendment to this charter seeks to do, then under the numerous authorities cited in the brief of the defendant municipality we would deem it necessary to discuss those cases. But we do not have before us the question of whether or not the legislature has exceeded its power, but rather whether or not it has acted at all on the point at issue.

For instance, in the case of Stocker v. Nashville, 174 Tenn. 483, 126 S. W. 2d 339, involving the question of whether or not the operation of a municipal airport was

a governmental function, the Supreme Court of Tennessee said: "We have here a direct legislative declaration, on which is conditioned the grant of power to municipalities to engage in this enterprise, that it is a 'public governmental function' and that the municipality shall not be subject to suit on account of the exercise thereof."

The cases of Parsons v. San Francisco, 23 Cal. 463; Williams v. Galveston, 41 Tex. Civ. App. 63, 90 S. W. 505; Mattson v. Astoria, 39 Ore. 577, 65 p. 1066; City of Bessemer v. Carroll, (Ala.) 45 So. 419; Platt v. Newberg, 104 Ore. 148, 205 p. 296; Schigley v. Waseca, 106 Minn. 94, 118 N. W. 259, 19 L. R. A.(N. S.) 689; Galloway v. City of Winchester, 299 Ky. 87, 184 S. W. 2d 890, and some of the other cases cited by the appellee deal with legislative and not with municipal power. Other cases cited deal with the power to prescribe that municipalities shall not be liable in tort for a defect in a street unless notice has been given in regard thereto prior to an accident or injury; some deal with the power to limit the amount of recovery. But the provisions discussed in those cases are not here involved.

For the reasons hereinbefore stated, we are of the opinion that the *plea in bar* is not well taken, and that the cause should be reversed and remanded.

Reversed and remanded.

*Hall, Lee, Holmes* and *Ethridge, JJ.,* concur.

### ON SUGGESTION OF ERROR

McGEHEE, C. J.

The suggestion of error herein was, according to our uniform custom, assigned to one of the Judges who heard the argument and participated in the decision of the case other than the Judge who wrote our former opinion herein, and the suggestion of error and the arguments made in the briefs in support thereof were presented to the conference by the Judge to whom the suggestion of error was assigned. But in view of the fact that it

was decided in the conference on the suggestion of error that what was said in the last two sentences in paragraph 11 of the former opinion should be modified to satisfy the apprehension of the municipality involved and two other municipalities similarly situated, but without changing the result of the decision heretofore rendered, the response to the suggestion of error is being written by the Judge who wrote the former opinion.

In paragraph 11 of our former opinion the writer thereof was undertaking to answer the contention of the appellee, City of Meredian, as to its right to amend its special charter as set forth therein. The contention which was being answered in paragraph 11 of the former opinion was stated by counsel for the appellee as follows: "This right to amend their private or special charters *in the manner prescribed by the legislature* has been consistently upheld by this Court. See Yazoo City v. Lightcap, 82 Miss. 148, 33 So. 949; Love v. Holmes, 91 Miss. 535, 44 So. 835." (Italics ours). In response to that contention we stated in the last two sentences of said paragraph 11 the following: "But the difficulty here is that the charter is not sought to be amended in a manner prescribed by the legislature, as to the substance of an amendment, but rather in a manner prescribed by the city authorities in that behalf. The statute relied on only deals with the mechanics as to how a private or special charter may be amended; it does not deal with what the amendment shall consist of." We were referring to Section 109, Chapter 491, Laws of 1950, (Section 3374-109, Code of 1942) which has in the main been brought forward from prior Codes of this State. We did not mean to say, or to imply, that a municipality operating under a special charter could not amend its charter as to a matter of substance in a proper case, pursuant to the statute above referred to. We merely meant to say that when such a municipality undertakes to make a proper amendment to its special charter, whether as to substance or form, the

said Section 109, Chapter 491, Laws of 1950, (Section 3374-109, Code of 1942) provides the manner and method by which such an amendment may be made. Cf. paragraphs 6 and 7 of the former opinion.

Since the special charter under which the appellee City of Meridian operates has been in existence since February 10, 1860, the chances are that it would rarely occur that after nearly a century this municipality would desire to amend its charter except as to a matter of substance. And by saying that "the statute relied on only deals with the mechanics as to how a private or special charter may be amended," and that the statute in question "does not deal with what the amendment shall consist of," we did not intend by saying that the statute relied on "only deals with the mechanics as to how a private or special charter may be amended," that such a charter could not be amended in a matter of substance. However, if such a charter is to be amended either in substance or as to mere form, the statute in question deals with the manner and method by which such special charter may be amended.

As stated in the last sentence of paragraph 11 of the former opinion the statute in question "does not deal with what the amendment shall consist of" and since the use of the word "mechanics" in that sentence has given rise to apprehension that the court meant to hold that such a municipality can not amend its charter as to a matter of substance under the statute in question, we withdraw that word from the opinion and substitute in lieu thereof "manner and method" as used in paragraphs 6 and 7 in the former opinion.

The appellee concedes in the first paragraph of its brief on this appeal that its special charter was granted by the Legislature on February 10, 1860 (Chapter 390, Laws 1860, page 539) and that it is this charter that the City sought to amend on October 5, 1953.

Section 6 of the Act of 1860 incorporating the City of Meridian provides among other things that the govern-

ing board of the municipality "shall be known and designated by the name and style of 'The Board of Mayor and Aldermen of the City of Meridian'; and by that name they shall be a body politic and corporate, * * * and by that name, they and their successors in office, shall be liable and capable to sue and be sued, plead and be impleaded in any court of law or equity; they shall have full power and authority over all matters of police, within said corporation, to make, publish and promulgate all such orders, regulations, ordinances and by-laws as they may deem right and proper for the good government, welfare and harmony of said city, not inconsistent with the Constitution and laws of Mississippi, or the laws of the United States; * * * ." The words "and laws of Mississippi" as therein used mean the laws enacted by the legislature and their construction by the judiciary.

The Act of 1860 supra, which granted the City of Meridian its special charter, is the source of the municipality's power, and what we intended to hold, and sought to make clear in our former opinion, was that no subsequent statute of the legislature nor any decision of this Court undertaking to define what are governmental functions as distinguished from corporate or proprietary functions, contemplates that the City of Meridian may exercise the power of declaring that all of the functions, duties and powers performed by such municipality are "governmental functions, duties and powers," or that such municipality may declare that "no action or suit may be brought or maintained against the City of Meridian, Mississippi, for any negligent, tortious or unauthorized act of any officer, agent, servant or employee" thereof.

We refrained from passing on the question of whether or not the legislature would have the power to authorize the City of Meridian so to do in the light of Sections 17 and 24 of the State Constitution of 1890, and we based our decision in the former opinion on the

ground that regardless of whether or not the legislature has such power to authorize the proposed amendment here in question, it never intended to do so by the enactment of Section 109, Chapter 491, Laws of 1950 (Section 3374-109, Code 1942) as brought forward in the main from prior Codes of this State.

It is true that under Section 88 of the Constitution of 1890 the legislature by the enactment of a general law applicable to all municipalities similarly situated with the City of Meridian may provide for the amendment of their charters, and we think that the statute in question is a general law applicable to the municipalities in this class, and that such municipalities may amend their charters pursuant to the statute in question in matters of either substance or form, and in the manner and method prescribed therein, provided such amendment is one reasonably contemplated by the legislature, and is one which the legislature may be deemed to have intended to, or would have been willing to, authorize. But we do not think that the statute relied on was intended to authorize the amendment here in question.

Suggestion of Error overruled.

*Hall, Lee, Holmes* and *Ethridge, JJ.,* concur.