288 So.2d 23 (1974)
CITY OF JACKSON
v.
Mrs. George McMURRY et al.
No. 47298.
Supreme Court of Mississippi.
January 7, 1974.
Stennett, Wilkinson & Ward, James A. Peden, Jr., Jackson, for appellant.
Bowling, Coleman & Cothren, Jackson, for appellees.
WALKER, Justice:
This is an appeal from the Circuit Court of Hinds County, Mississippi, which reversed an ordinance of the City of Jackson rezoning certain property from Residential A-1 to Commercial classification.
The sequence of events shows that an application was made with the Zoning Board of the City of Jackson to rezone the property in question from Residential A-1 to Commercial. After proper legal notice, a hearing was held on said application by the Zoning Board, where the appellants and appellees were represented by counsel and participated therein. Upon conclusion of the hearing, the Zoning Board recommended that the property be rezoned from Residential A-1 to Commercial.
The Zoning Board thereafter made its recommendations to the Council of the City of Jackson on December 17, 1971, whereupon the council set Thursday, January 20, 1972, as the date and time for final hearing.
The appellees, who were the protestants before the Zoning Board, appeared on the designated date and at the specified time. However they were denied the right to be heard by the City Council for the reason that they had failed to give notice of their appeal from the decision of the Zoning Board within fifteen days as prescribed by city ordinance and consequently the record of the hearing had not been prepared.
The City Council thereupon adopted an ordinance rezoning the subject property from Residential A-1 to Commercial in accordance with the recommendation of the Zoning Board.
*24 Appellees thereafter appealed to the Circuit Court of Hinds County which reversed the City Council and remanded the case to the City Council for a hearing.
The primary question before this Court is whether the provision of the ordinance of the City of Jackson requiring notice of appeal is valid or whether appellees had an unqualified right to a hearing before the City Council by virtue of Mississippi Code 1942 Annotated section 3594 (Supp. 1971). That section provides as follows:
Such regulations, restrictions and boundaries may, from time to time, be amended, supplemented, changed, modified or repealed upon at least fifteen (15) days' notice of a hearing on such amendment, supplement, change, modification or repeal, said notice to be given in an official paper or a paper of general circulation in such municipality specifying a time and place for said hearing. The governing authorities or any municipal agency or commission, which by ordinance has been theretofore so empowered, may provide in such notice that the same shall be held before the city engineer or before an advisory committee of citizens as hereinafter provided and if the hearing is held before the said engineer or advisory committee, it shall not be necessary for the governing body to hold such hearing but may act upon the recommendation of the city engineer or advisory committee. Provided, however, that any party aggrieved with the recommendation of the city engineer or advisory committee shall be entitled to a public hearing before the governing body of the city, with due notice thereof after publication for the time and as provided in this act. The governing authorities of a municipality which had a population in excess of one hundred forty thousand (140,000) according to the 1960 census may enact an ordinance restricting such hearing to the record as made before the city engineer or advisory committee of citizens as hereinabove provided ... (Emphasis added.)
It is uncontradicted that the City of Jackson is a city with a population in excess of 140,000 according to the 1960 census and that it has a right to enact an ordinance restricting a hearing before the City Council to the record as made before the city engineer or advisory committee of citizens.
Pursuant to the authority granted by the last sentence of the above quoted section, the City of Jackson enacted an ordinance on March 30, 1971, which provides as follows:
Sec. 2-13.1. Hearing on zoning matters within the City of Jackson, Mississippi, shall be heard before the city engineer or advisory committee known in the City of Jackson as the zoning board. ...
Sec. 2-13.2. After such zoning hearings the zoning board shall make its recommendation to the city council of the City of Jackson, Mississippi, which recommendation may be accepted or rejected by the council, or may be accepted in part and rejected in part, or may be sent back to the zoning board for further hearing.
Sec. 2-13.3. (a) The zoning board shall make its decision in writing on all matters presented to it within a period of thirty (30) days from the conclusion of such hearing, and the zoning director shall, within five (5) days of such decision, mail a copy of such decision to all parties appearing at said hearing.
(b) Any person desiring to appeal such decision shall give notice thereof to the director of the zoning department of the City of Jackson, or to his designated agent, and shall mail a copy of such notice to all parties entering an appearance in such cause within a period of fifteen (15) days from the date of the rendition of its decision in said cause.

(c) The director of the zoning department shall notify the reporter of all notices of appeal and the reporter shall have a period of sixty (60) days from *25 the date of the delivery of notice of appeal to the director of zoning within which to make up the record on appeal. If the aforesaid sixty-day period is insufficient, upon request of the reporter the zoning board shall give an additional sixty (60) days within which to make up such record.
(d) The hearing before the city council on appeal shall consist of the matters reflected in the transcript of record of such proceedings before the zoning board, but the council may, within its discretion, request the various parties to file with the council a brief of the law and facts in said cause, setting forth their positions and the decision which in their opinion the city council should render therein. (Code of Ordinances of the City of Jackson, Mississippi, sections 2-13.1-2-13.3 at pp. 35-36.1 (1971)). (Emphasis added.)
We are of the opinion and so hold that section (b) of the above ordinance of the City of Jackson which requires that any person desiring to appeal a decision of the Zoning Board shall give notice thereof to the Director of the Zoning Department, etc. within fifteen days from the date of the rendition of the Board's decision is a valid and reasonable exercise of municipal authority. Such an ordinance provides a means whereby the record of the hearing before the Zoning Board, in cases where it is desired, can be brought before the City Council. It would be a needless expense and waste of valuable time to have a record transcribed in every case where there was no disagreement between the parties as to the recommendations of the Zoning Board.
It is pointed out in 8A McQuillin, The Law of Municipal Corporations, section 25.257 at page 199 (3rd ed. Revised 1965) that:
Applications or appeals to or from administrative zoning boards may be subject to time limitations under statute, ordinance or rules of the board... .
Moreover, the authority given to the City of Jackson by Mississippi Code 1942 Annotated section 3594 (Supp. 1971) to limit an appeal from its Zoning Board to the record as made before the Zoning Board carries with it implied authority for the City to require a notice of appeal in order to have the record brought before the Council for consideration.
It is a well established legal principle that municipalities are vested with certain legislative powers that are "clearly implied" from an express grant of authority "or are necessarily or reasonably incidental thereto." 62 C.J.S. Municipal Corporations § 412 at 788 (1949). This Court has held that a municipality has those powers "granted by necessary implications," Tullos v. Town of Magee, 181 Miss. 288, 179 So. 557, 558 (1938); a municipality also has "... such powers as are necessary and appropriate to the exercise of those powers granted by statute," Davenport v. Blackmur, 184 Miss. 836, 186 So. 321, 322 1939); they also have "... all powers which are reasonably necessary to give effect to the powers granted, ..." Hawkins v. City of West Point, 200 Miss. 616, 27 So.2d 549, 551 (1946); and those powers "... which are necessarily implied for the proper exercise of the powers clearly conferred," Bishop v. City of Meridian, 223 Miss. 703, 79 So.2d 221, 223 (1955).
An aggrieved party should make that fact known to all parties in interest. How else would the adverse parties and the governing authorities know that an appeal was desired if no notice was required? Without some notice, the City would have no way of knowing that it should publish a notice for the time period required by law that there would be a hearing before the governing body of the City nor would it have any way of knowing when to have the record of the Zoning Board prepared.
We are of the opinion that the ordinance which requires that such notice be given within fifteen days to the Director of the *26 Zoning Department and all parties entering an appearance in such cause is reasonable. Such a notice does not deny an aggrieved party of the right to be heard before the governing body of the City but simply prescribes a reasonable qualification upon that right. In this regard, this Court held in Holcomb v. City of Clarksdale, 217 Miss. 892, 900, 65 So.2d 281, 284 (1953) citing 62 C.J.S. Municipal Corporations § 228 at 565-566 (1949) that:
All presumptions must be indulged in favor of the validity of a zoning ordinance if it is within the legislative power of the city. Such an ordinance is presumed to be reasonable and for the public good.
Governing a municipality the size of the City of Jackson with its many complex problems is time consuming and a tedious task and those responsible for its administration are entitled to such aids as are reasonable and proper. It is not asking too much that a party who feels aggrieved by the decision of the Zoning Board be required to give notice of an appeal therefrom so that the City Council may set in motion the machinery for a hearing and do those things, such as publishing notice of the hearing, as are required by law.
In Webb v. City of Meridian, 195 So.2d 832, 835 (Miss. 1967), Chief Justice W.N. Ethridge, Jr. stated:
[I]f a power is conferred and the law is silent as to the mode of exercising it, municipal authorities are clothed with a reasonable discretion to determine the manner in which it shall be carried out. All reasonable modes are inferred.
Moreover, when the authority to exercise the power exists, wide latitude is allowed in its exercise.
The appellee further argues that the City Council had no evidence on which to base a decision to rezone the property in question. However this argument is not well taken for the reason that Mississippi Code 1942 Annotated section 3594 provides that "... the governing authorities ... may act upon the recommendation of the city engineer or advisory committee." It is evident that the statute contemplates that the City may properly exercise its legislative function, where there is no appeal from the advisory committee, by simply adopting the recommendation of the committee. It does not, by so doing, delegate its zoning authority because it is not bound by the recommendation of the advisory committee. The ultimate legislative function of zoning remains in the City Council. Sanderson v. City of Hattiesburg, 249 Miss. 656, 163 So.2d 739 (1964); City of Jackson v. Sheppard Investment Co., 185 So.2d 675 (Miss. 1966).
We have carefully considered the points urged by appellees and find them without merit. Therefore, the judgment of the Circuit Court of Hinds County is reversed and the order of the City Council of Jackson, Mississippi is reinstated.
Judgment of the Circuit Court Reversed and order of City Council Reinstated.
RODGERS, P.J., and INZER, ROBERTSON and BROOM, JJ., concur.